DAN RAYFIELD
Attorney General
MARC ABRAMS  #890149
Assistant Attorney-in-Charge
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JEREMY CONKLIN, D.O., an individual, | Case No. 3:25-cv-01173-AR |
| Plaintiff, | |
| v. | **DEFENDANTS' MOTION TO DISMISS COMPLAINT** |
| OREGON MEDICAL BOARD, an Oregon State Agency; NICOLE KRISHNASWAMI, an individual; MICHAEL SEIDEL, an individual; and WALTER FRASIER, an individual, | |
| Defendants. | |

**TABLE OF CONTENTS**

LOCAL RULE 7-1 CERTIFICATION ............................................................................. 1

MOTION ............................................................................................................................ 1

MEMORANDUM OF LAW ............................................................................................ 2

INTRODUCTION ............................................................................................................ 2

FACTS .............................................................................................................................. 3

LEGAL STANDARDS .................................................................................................... 3

ARGUMENT .................................................................................................................... 5

    I.      The Oregon Medical Board cannot be maintained in this action ........................... 6

          A. OMB is not subject to Section 1983 (First through Fourth Claims for Relief). ................................................................................................... 6

          B. State law claims may not be maintained against OMB in this forum (Fifth and Sixth Claims for Relief). .............................................................. 7

          C. The requests for declaratory relief and injunction are not proper claims ("Sixth" and Seventh Claims for Relief). .................................................... 7

    II.     The individual defendants have immunity on all claims. ...................................... 7

          A. The defendants are entitled to absolute judicial immunity. ............................ 7

          B. The individual defendants are entitled to qualified immunity. ...................... 10

    III.    The individual defendants should not be sued in their "official" capacity. (First through Fourth Claims for Relief) ............................................................... 13

    IV.   The First Claim for Relief fails to provide a basis for a due process violation. .............................................................................................................. 13

    V.     There has been no violation of the Privileges and Immunities Clause (Second Claim for Relief) ...................................................................................... 18

          A. The statute of limitations bars maintenance of this claim. ............................ 18

          B. Plaintiff was not treated differently because of his residence. ...................... 19

    VI.   Plaintiff fails to state a claim for equal protection (Third Claim for Relief). ....... 21

    VII.  The Fourth Claim for Relief is merely duplicative of prior claims. ..................... 24

    VIII. Plaintiff fails to state claims for infliction of emotional distress (Fifth and Sixth Claims for Relief) ......................................................................................... 24

          A. Plaintiff does not meet the elements for intentional infliction. ..................... 25

Page i

B.  Plaintiff does not meet the elements for negligent infliction. ......................... 25

C.  OMB cannot be held for a state law claim in federal court............................ 26

D.  The individuals should not be held once the federal claims are
     dismissed............................................................................................... 27

CONCLUSION.................................................................................................... 28

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

# TABLE OF AUTHORITIES

**Cases**                                                                                 **Page(s)**

*Adarand Constructors v. Pena*,
   515 U.S. 200 (1995)...........................................................................................21

*Alexander D. v. State Bd. of Dental Examiners*,
   231 Cal. App. 3d 92 (1991) ...........................................................................18

*Anderson v. Creighton*,
   483 U.S. 635 (1987)...........................................................................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................4

*Bagley v. CMC Real Estate Corp.*,
   923 F.2d 758 (9th Cir. 1991)...........................................................................19

*Barry v. Barchi*,
   443 U.S. 55 (1979)......................................................................................14, 18

*Bergin v. McCall*,
   2007 WL 2344924 (D. Or. 2007)....................................................................10

*Brewster v. Board of Educ. Of Lynwood Unified Sch. Dist.*,
   149 F.3d 971 (9th Cir. 1998)...........................................................................14

*Brosseau v. Haugen*,
   543 U.S. 194 (2004)...........................................................................................11

*Brown v. Board of Education*,
   347 U.S. 483 (1954)...........................................................................................21

*Butz v. Economou*,
   438 U.S. 478 (1978).......................................................................................9, 10

*Byrd v. Maricopa County Sheriff's Department*,
   629 F. 3d 1135 (9th Cir. 2011)..........................................................................4

*Cassim v. Bowen*,
   824 F.2d 791 (9th Cir. 1987)...........................................................................18

*City of Tahlequah v. Bond*,
   2021 WL 4822664, 595 U.S. 9, 142 S. Ct. 9 (2021).............................................12

Page iii

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*CKH Fam. Ltd. P'ship v. Holt Homes, Inc.*,
　306 F. Supp. 3d 1282 (D. Or. 2018) ...................................................................................19

*Columbia Riverkeepers v. Clatsop County*,
　267 Or. App. 568 (2014)....................................................................................................22

*Conklin v. OMB et al.*,
　3:25-cv-01173-AR ...............................................................................................................5

*Cox Commc'ns PCS v. City of San Marcos*,
　204 F. Supp. 2d 1272 (S.D. Cal. 2002).............................................................................27

*Davoodian v. Rivera*,
　327 Or. App. 197 (2023)....................................................................................................25

*Debnza Properties X, Ltd. v. County of Santa Cruz*,
　936 F.2d 1084 (9th Cir. 1991)...........................................................................................19

*California v. Deep Sea Research*,
　523 U.S. 491 (1998)...........................................................................................................13

*Dover v. Haley*,
　2013 WL 6190165 (D. Or. Nov. 26, 2013).......................................................................10

*Engquist v. Dept. of Agriculture*,
　553 U.S. 591 (2008)...........................................................................................................23

*Fed. Deposit Ins. Corp. v. Mallen*,
　486 U.S. 230 (1988)...........................................................................................................14

*Fettgather v. Bd. of Psychology*,
　17 Cal. App. 5th 1340 (2017).............................................................................................17

*Gambee v. Cornelius ("Gambee II")*,
　2011 WL 1311782 (D. Or. April 1, 2011) ..........................................................................9

*Gambee v. Williams*,
　971 F. Supp. 474 (D. Or. 1997) ..........................................................................................8

*Gerhart v. Lake County*,
　637 F.3d 1013 (9th Cir. 2011)...........................................................................................23

*Gilbert v. Homar*,
　520 U.S. 924 (1997)......................................................................................................14, 15

*Graham v. Brown*,
　570 F. Supp. 3d 968 (D. Or. 2021) ...................................................................................23

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982)..................................................................................................4, 11

*Harney v. Assoc. Materials, LLC*,
    2018 WL 468303 (D. Or. Jan. 18, 2018) ...........................................................27

*Hirsh v. Justices of the Supreme Court of California*,
    67 F.3d 709 (9th Cir. 1995) (members of state bar disciplinary board absolutely
    immune from section 1983 liability)....................................................................9

*Horwitz v. Bd. of Medical Examiners*¸822
    F.2d 1508, 1515 (10th Cir. 1987)......................................................................10

*Hughes v. Alabama Dept. of Public Safety*,
    994 F. Supp. 1395 (M.D. Ala. 1998) .................................................................26

*Humenansky v. Minnesota Bd. of Medical Examiners*,
    525 N.W.2d 559 (Minn. Ct. App. 1994).............................................................18

*Hunter v. Bryant*,
    502 U.S. 224 (1991) (*per curiam*) ....................................................................11

*I.K. v. Banana Republic*,
    317 Or. App. 249 (2022).....................................................................................26

*Imbler v. Pachtman*,
    424 U.S. 409 (1976)..........................................................................................8, 11

*Kentucky v. Graham*,
    473 U.S. 159 (1985)............................................................................................10

*LaTulippe v. Harder*,
    574 F. Supp. 3d 870 (D. Or. 2021) ..................................................................8, 10

*LaTulippe v Oregon Medical Board et al.*,
    2025 WL 1692418 ..............................................................................................10

*Lencovich v. Bureau of Professional and Occupational Affairs*,
    829 A.2d 1238 (Pa. Cmmw. 2003) ................................................................17, 18

*Levine v. Diamamthuset, Inc.*,
    950 F.2d 1478 (9th Cir. 1991)...............................................................................3

*California ex rel. Lockyer v. FERC*,
    329 F.3d 700 (9th Cir. 2003)...............................................................................14

*Loudermill v Cleveland Board of Education*,
    470 U.S. 532 (1985)............................................................................................15

Page v

*MacDonald v. Sabando*,
   2025 WL 1367443 (D.N.J. May 25, 2025) ...............................................................21

*Matthews v. Eldridge*,
   424 U.S. 319 ...........................................................................................................15

*McGanty v. Staudenraus*,
   321 Or. 532 (1995) ..................................................................................................25

*MGIC Indem. Corp. v. Weisman*,
   803 F.2d 500 (9th Cir. 1986)......................................................................................4

*Mishler v. Clift*,
   191 F.3d 998 (9th Cir. 1999)......................................................................................8

*Mitchell v. Forsyth*,
   472 U.S. 511 (1985).................................................................................................11

*Mitchell v. Franchise Tax Board*,
   209 F.3d 1111 (9th Cir. 2000)..................................................................................26

*Monroe v. Pape*,
   365 U.S. 167 (1961).................................................................................................11

*Morales v. City of Los Angeles*,
   214 F.3d 1151 (9th Cir. 2000)..................................................................................19

*Morrissey v. Brewer*,
   408 U.S. 471 (1972).................................................................................................14

*Novotny v. Tripp County*,
   664 F. 3d 1173 (8th Cir. 2011)..................................................................................24

*Olsen v. Idaho State Bd. of Medicine*,
   363 F.3d 916 (9th Cir. 2004)...................................................................................8, 9

*Owen v. City of Hemet*,
   2022 WL 16945887 (9th Cir. Nov, 15, 2022)............................................................4

*Papas v. Leonard*,
   2012 WL 1445853 (D. Or. Apr. 5, 2012) ................................................................24

*Pennhurst State School & Hospital v. Halderman*,
   465 U.S. 89 (1984) (*Pennhurst II*)..........................................................................26

*Plumhoff v. Rickard*,
   134 S. Ct. 2012 (2014).............................................................................................12

Page vi

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*R.S.R. v. Goetz v. State*,
   319 Or. App. 149 (2022)..................................................................................................26

*Read v. Haley*,
   2013 WL 1562938 (D. Or. Apr. 10, 2013) .....................................................................10

*Rivas-Villegas v. Cortesluna*,
   595 U.S. 1 (2021).............................................................................................................12

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 (9th Cir. 1984).............................................................................................4

*Sain v. City of Bend*,
   309 F.3d 1134 (9th Cir. 2002)..........................................................................................18

*Salazar v. Regents of University of California*,
   812 F. App'x. 410 (9th Cir. 2020)......................................................................................4

*Saucier v. Katz*,
   533 U.S. 194 (2001).........................................................................................................11

*Scheuer v. Rhodes*,
   416 U.S. 232 (1974).........................................................................................................10

*Schoenfeld v. Schneiderman*,
   812 F.3d 273 (2d Cir. 2016).............................................................................................21

*Sernas v. Cantrell*,
   857 F. App'x. 400 (9th Cir. 2020)......................................................................................4

*Shoshone-Bannock Tribes v. Fish & Game Com'n, Idaho*,
   42 F.3d 1278 (9th Cir. 1994)............................................................................................13

*Smith v. Avino*,
   91 F.3d 2105 (11th Cir. 1996)..........................................................................................26

*Smith v. Reeves*,
   178 U.S. 436 (1900).........................................................................................................13

*In re Stac Elecs. Sec. Litig.*,
   89 F.3d 1399 (9th Cir. 1996)..............................................................................................3

*Stivers v. Pierce*,
   71 F.3d 732 (9th Cir. 1995)..............................................................................................22

*Sun Savings & Loan Ass'n v. Dierdorff*,
   825 F.2d 187 (9th Cir. 1987)..............................................................................................4

Page vii

*Supreme Court of New Hampshire v. Piper*,
   470 U.S. 274 (1985)..................................................................................................20

*Tanasse v. City of St. George*,
   172 F.3d 63 (10th Cir. 1999)......................................................................................15

*Thomas v. Harder*,
   2021 WL 18935056 (D. Or. Oct. 11, 2022), 2023 WL 1815197 (D. Or. Feb. 8,
   2023) ........................................................................................................................8, 10

*Tolchin v. Supreme Court of the State of New Jersey*,
   111 F.3d 1099 (3d Cir. 1997)......................................................................................20

*Vaughan v. Grijalva*,
   927 F.2d 486 (9th Cir. 1991)......................................................................................19

*Walker v. City of Berkeley*,
   951 F. 2d 182 (9th Cir. 1991)......................................................................................23

*Wallace v. Kato*,
   549 U.S. 384 (2007)..............................................................................................18, 19

*Wang v. New Hampshire Bd. of Registration in Medicine*,
   55 F.3d 689 (1st Cir 1995) ..........................................................................................10

*White v. Pauly*,
   137 S. Ct. 548 (2017)..................................................................................................12

*Will v. Michigan State Dept. of Police*,
   491 U.S. 58 (1989).............................................................................................6, 7, 24

*Wilson v. Garcia*,
   471 U.S. 261 (1985)....................................................................................................18

*Yaak Valley Forest Council v. Vilsack*,
   2021 WL 4438420 (D. Mont. Sept. 28, 2021) ............................................................27

*Yoonessi v. Albany Med. Center*,
   352 F. Supp. 2d 1096 (C.D. Cal. 2005) ........................................................................8

**Federal Statutes**

42 U.S.C. §1983................................................................................................. *passim*

42 U.S.C. §1983..............................................................................................................6

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**State Statutes**

APA.................................................................................................................................17

Oregon Administrative Procedures Act ......................................................................16

ORS 12.110(1) ..............................................................................................................18

ORS 183.310(2)(a)(C) ..................................................................................................16

ORS 183.310 et seq.......................................................................................................16

ORS 183.411..................................................................................................................16

ORS 183.411-183.471 ..................................................................................................16

ORS 183.413..................................................................................................................16

ORS 183.413(2) ............................................................................................................16

ORS 183.413(2)(e).........................................................................................................16

ORS 183.417..................................................................................................................16

ORS 183.417(8) ............................................................................................................16

ORS 183.417(9) ............................................................................................................16

ORS 183.430(2) ............................................................................................................17

ORS 183.450(3) ............................................................................................................16

ORS 183.460..................................................................................................................16

ORS 183.480(1) ............................................................................................................17

ORS 183.482(1) ............................................................................................................17

ORS 183.482(8) ............................................................................................................17

ORS 183.500..................................................................................................................16

ORS 183.630(1) ............................................................................................................16

ORS 183.635(2) ............................................................................................................16

ORS 677.190(8) ............................................................................................................22

Page ix

ORS 677.200..................................................................................................................15, 16, 17

ORS 677.205..................................................................................................................16

ORS 677.205(3) .............................................................................................................17

ORS 677.335(1) .............................................................................................................10

ORS Chapter 183 ...........................................................................................................15

**Rules**

Fed. R. Civ. P. 12 (b)(6)..................................................................................................2

LOCAL RULE 7-1 ..........................................................................................................1

OAR 847-008-015 ..........................................................................................................19

OAR 847-008-0020 ........................................................................................................20

OAR 847-008-0058 ........................................................................................................21

OAR 847-008-0058(1)....................................................................................................22

Or. Admin. R. 137-003-0560(2)(a).................................................................................17

Or. Admin. R. 137-003-0560(3) .....................................................................................17

**Constitutional Provisions**

U.S. Const. First Amendment ..........................................................................................8

U.S. Const. Eleventh Amendment ................................................................................1, 13

U.S. Const. Fourteenth Amendment ................................................................................8

Page x

## LOCAL RULE 7-1 CERTIFICATION

Counsel for defendants State of Oregon Medical Board ("OMB"), Nicole Krishnaswami, Michael Seidel and Walter Frazier, certifies that, in accordance with L.R. 7-1, they attempted to confer with counsel for plaintiff by electronic mail on June 10 and 11, 2025, and July 3, 2025, and offered twice to have a telephone conversation and no response was received. In addition, the issues significantly overlap with plaintiff's previously filed and argued motion for preliminary injunction and no resolution without Court intervention was possible on that motion. The parties accordingly were unable to resolve their disagreements. This motion therefore requires determination by this Court.

## MOTION

OMB, Nicole Krishnaswami, Michael Seidel and Walter Frazier, move (1) to dismiss the First, Second, Third and Fourth Claims for Relief as against OMB as it is not subject to a Section 1983 action; (2) to dismiss the Fifth and Sixth Claims for Relief as against OMB in that the Eleventh Amendment precludes the maintenance of those actions as against OMB in this forum; (3) to dismiss all the claims as against the individual defendants on the grounds of absolute judicial immunity and/or qualified immunity; (4) to dismiss the First, Second, Third and Fourth Claims for Relief as against the individual defendants to the extent they are asserted (it is not clear) in their official capacities; (5) to dismiss the First Claim for Relief for violation of procedural due process in that it fails to state a claim for relief; (6) to dismiss the Second Claim for Relief in that it fails to state a claim for relief for a violation of privileges and immunities and in that the allegations are all beyond the statute of limitations; (7) to dismiss the Third Claim for Relief for a violation of equal protection for failure to state a claim; (8) to dismiss the Fifth and Sixth Claims for relief in that they fail to state claims for infliction (either intentional or negligent) infliction of emotional distress, and (9) to dismiss the mis-denominated "Sixth" (the second "Sixth") and the Seventh Claims for Relief as they are not properly claims.

Page 1 -   DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

This motion to dismiss is brought pursuant to Fed. R. Civ. P. 12 (b)(6) and is supported by the following Memorandum of Law.

## MEMORANDUM OF LAW

## INTRODUCTION

Plaintiff Jeremy Conklin is a doctor subject to the regulation of the Oregon Medical Board ("OMB"). Seven years ago, he was licensed by OMB to serve "*locum tenans*" in Oregon, which entitled him to fill emergency or substitute positions for limited periods of time. In June 2023, he was hired by Salem Hospital. While there, on his very first night, June 5, 2023, he treated a patient who subsequently died. Plaintiff denies responsibility for that, but it resulted in Salem Hospital cancelling his appointment, and a complaint regarding his quality of care being filed with OMB, which OMB was obligated to investigate. As part of that investigation, plaintiff was obliged to submit to an evaluation at his own expense. That investigation has never been finished and continues to this day, the file remaining open.

In 2024, plaintiff was told he needed to attend an investigatory interview. However, he refused to travel to Portland, where the OMB is located, from Seattle where he lives, stating he would only participate on Zoom. OMB does not conduct such hearings except in person. Because of plaintiff's refusal, the meeting never took place.

That is, to this day, where things stand.

Because of plaintiff's decision not to attend the interview in person, because he was told to get an evaluation and because he could not be bothered to get in his car and drive to Portland, plaintiff decided to sue. He has brought suit for alleged violations of procedural due process, of the Privileges and Immunities Clause, of his right to equal protection, for both intentional and negligent infliction of emotional distress, and seeks declaratory and injunctive relief. All because he was asked to attend a meeting in person.

The case should not continue. Each of the claims is deficient as to one or more issues having to do with the statute of limitations, absolute judicial immunity, qualified immunity,

Page 2 -   DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

failure to state a claim and/or jurisdictional infirmities.  An Order dismissing this action with prejudice should issue.

## FACTS

For the purposes of a motion to dismiss, the OMB defendants rely on the facts as alleged in the Complaint, but do not concede the truth of any of the allegations.

Plaintiff Jeremy Conklin is an osteopathic physician.  Complaint ¶ 1.  In 2018, plaintiff applied to be a *locum tenens* physician in Oregon.  Complaint ¶ 8.  Plaintiff submitted his application and, after paying a $195 fine for it being incomplete, OMB issued plaintiff his license.  Complaint ¶¶ 11, 14, 15.  This was all seven years ago.

Plaintiff's license was renewed in 2020.  Complaint ¶¶ 16, 21.

In 2024, OMB changed plaintiff's license status to inactive because he had not reported any *locum tenens* assignments in Oregon.  Complaint ¶¶ 22, 23. Prior to that, however, plaintiff had worked, briefly, at the Salem Hospital. Complaint ¶ 24.  One of the patients in his charge subsequently died.  Complaint ¶ 28.  Plaintiff's first night at Salem Hospital was, therefore, his last night.  Complaint ¶¶ 25, 33.  The situation was reported to OMB which then opened an investigation.  Complaint ¶ 38, Exh. J.  As part of this investigation, plaintiff was required to undergo an evaluation.  Complaint ¶ 48, Exh. M.  On information and belief, he has not had the evaluation.  Also as part of this investigation, he was required to attend an investigative interview at the OMB headquarters in Portland Oregon.  Complaint ¶ 49, Exh. N.  Plaintiff demanded a video interview on Zoom and would not come to Portland.  Complaint ¶ 50.

To this day, no action has as yet been taken as to the investigation. Krishnaswami Dec. ¶ 2 (ECF No. 13).

## LEGAL STANDARDS

On a motion to dismiss, the Court's review is limited to the face of the Complaint, documents referenced by the Complaint and matters of which the court may take judicial notice. *Levine v. Diamamthuset, Inc.*, 950 F.2$^d$ 1478, 1483 (9th Cir. 1991); *In re Stac Elecs. Sec. Litig.*,

Page 3 -    DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

89 F.3ᵈ 1399, 1405 n.4 (9ᵗʰ Cir. 1996); *MGIC Indem. Corp. v. Weisman*, 803 F.2ᵈ 500, 504 (9ᵗʰ Cir. 1986)*.*  An amended complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2ᵈ 530, 533-34 (9ᵗʰ Cir. 1984) (citing 2A J. Moore, Moore's Fed. Practice ¶12.08 at 2271 (2ᵈ ed. 1982)).  When a court considers a motion to dismiss, all allegations of the amended complaint are construed in the plaintiff's favor.  *Sun Savings & Loan Ass'n v. Dierdorff*, 825 F.2ᵈ 187, 191 (9ᵗʰ Cir. 1987).

While the Court may accept all "well-pleaded" factual allegations, it should ignore legal conclusions.  Bare allegations that a government official, "knew of, condoned, and willfully and maliciously agreed" to violate a plaintiff's constitutional rights for improper purpose are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 817-818, 102 S. Ct. 2727 (1982) (bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery).  It is the conclusory nature of the allegations that "disentitles them to the presumption of truth."  *Iqbal*, 129 S. Ct. at 1951.

In addition, even though courts have a duty to read a *pro se* complaint liberally, *Sernas v. Cantrell*, 857 F. App'x. 400, 401 (9ᵗʰ Cir. 2020), there are limits on the leeway that courts affort to self-represented litigants.  Although courts "construe *pro se* pleadings liberally, especially in civil rights cases * * * [courts] may not supply essential elements of the claim that were not * * * pled."  *Owen v. City of Hemet*, 2022 WL 16945887 *1 (9ᵗʰ Cir. Nov, 15, 2022); *Salazar v. Regents of University of California*, 812 F. App'x. 410, 412-13 (9ᵗʰ Cir. 2020); *Byrd v. Maricopa County Sheriff's Department*, 629 F. 3ᵈ 1135, 1140 (9ᵗʰ Cir. 2011).  In addition, it should be noted that plaintiff here, although *pro se*, is a licensed attorney, and should not benefit from a rule designed to protect the unschooled in the practice of law.

Under these standards, plaintiff has failed to state a claim for relief.

Page 4 -   DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

## ARGUMENT

At the outset, OMB offers this summary of the arguments below for the Court's convenience:

**SUMMARY OF CLAIMS AND DEFENSES** *Conklin v. OMB et al.*, **3:25-cv-01173-AR**

| | 1) Procedural Due Process | 2) Privileges and Immunities | 3) Equal Protection | 4) Due Process "Retaliation" | 5) IIED and 6) NIED | "6") and 7) Equitable Remedies |
|---|---|---|---|---|---|---|
| **Arm of State** (*Will* re §1983) **[Section I(A)]** | Applies as to OMB | Applies as to OMB | Applies as to OMB | Applies as to OMB | N/A | N/A |
| *Pennhurst* **11ᵗʰ A lack of jurisdiction [Sections I(C) and VIII(C)]** | N/A | N/A | N/A | N/A | *Pennhurst* applies as to OMB | N/A |
| **Declaratory Relief not separate claims [Sections I(D) and IX]** | N/A | N/A | N/A | N/A | N/A | Barred for all defendants |
| **Absolute Judicial Immunity [Section II(A)]** | Defendants — *Thomas, LaTulippe I, Gambee I, Gambee II* | OMB and Krishnaswami[1] — *Thomas, LaTulippe I, Gambee I, Gambee II* | OMB and Krishnaswami — *Thomas, LaTulippe I, Gambee I, Gambee II* | Defendants — *Thomas, LaTulippe I, Gambee I, Gambee II* | Defendants — *Thomas, LaTulippe I, Gambee I, Gambee II* | Defendants — *Thomas, LaTulippe I, Gambee I, Gambee II* |
| **Qualified Immunity [Section II(B)]** | Individual defendants — decision was objectively reasonable under existing law | Krishnaswami — decision was objectively reasonable under existing law | Krishnaswami — decision was objectively reasonable under existing law | Individual defendants — decision was objectively reasonable under existing law | N/A | N/A |
| **No official capacity [Section III]** | Individual defendants— *Deep Sea Research* | Individual defendants— *Deep Sea Research* | Individual defendants— *Deep Sea Research* | Individual defendants— *Deep Sea Research* | N/A | N/A |
| **Not Procedural Due Process violation [Section IV]** | No deprivation, sufficient process | N/A | N/A | No deprivation, sufficient process | N/A | N/A |

---

[1] Only Krishnaswami (not Seidel or Frazier) is named in the Second and Third Claims for Relief.

Page 5 -   DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

| | | | | | | |
|---|---|---|---|---|---|---|
| **Statute of Limitations [Section V(A)]** | N/A | Claim more than 2 yrs. Old. *Sain* applies | N/A | N/A | N/A | N/A |
| **Residence not at issue [Section V(B)]** | N/A | Regulation requires *office* not residence | N/A | N/A | N/A | N/A |
| **Not Equal Protection [Section VI]** | N/A | N/A | Claims do not relate to a classification | N/A | N/A | N/A |
| **No extraordinary transgressions, no intent, no protected interest violated [Section VIII]** | N/A | N/A | N/A | N/A | Elements not met | N/A |
| **Declaratory Relief not separate claims [Section IX]** | N/A | N/A | N/A | N/A | N/A | Barred for all defendants |

## I.    The Oregon Medical Board cannot be maintained in this action.

### A.  OMB is not subject to Section 1983 (First through Fourth Claims for Relief).

Plaintiff does not dispute that OMB is an arm of the State.  Complaint ℙ 2.  The State is not subject to suit under 42 U.S.C. §1983.  *Will v. Michigan State Dept. of Police*, 491 U.S. 58, 109 S. Ct. 2304 (1989).

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.

*Id*. at 66.

In *Will*, the Supreme Court affirmed what it had previously concluded, that a State is not a person within the meaning of § 1983.  491 U.S. at 64.  The Court stated that in order to include a State as a "person" under § 1983, "the section [would have] to be read as saying that 'every person, including a State, who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects * * *,'" making it a "decidedly awkward way of expressing an intent to subject the States to liability."  *Id.*  The Court

Page 6 -   DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

went on to reason that reading the statute in that way would depart from the oft-expressed understanding that "'in common usage, the term 'person' does not include the sovereign, [and] statutes employing the [word] are ordinarily construed to exclude it.'" *Id.*, *citing Wilson v. Omaha Tribe,* 442 U.S. 653, 667, 99 S. Ct. 2529 (quoting *U.S. v. Cooper Corp.,* 312 U.S. 600, 604, 61 S. Ct. 742). In addition, the court held that common usage of the term "person" "provides a strong indication that 'person' as used in § 1983 likewise does not include a State." *Will,* 491 U.S. at 64.

Accordingly, the claims cannot be maintained as against OMB, which should be dismissed from this action even if any part of it moves forward.

### B. State law claims may not be maintained against OMB in this forum (Fifth and Sixth Claims for Relief).

For the reasons set forth in Section VIII(C) below, OMB cannot be held to the Fifth and Sixth Claims for Relief as it is immune for being subject to state law claims in federal court.

### C. The requests for declaratory relief and injunction are not proper claims ("Sixth" and Seventh Claims for Relief).

For the reasons set forth in Section IX below, OMB cannot be held to the "Sixth" and Seventh Claims for Relief as they are not independent claims.

## II. The individual defendants have immunity on all claims.

Even before getting to the substance of the matters, this case should not proceed any further as against the individual defendants, Nicole Krishnaswami, Michael Seidel and Walter Frazier, as all of them should be found to be immune on both the grounds of absolute judicial immunity and also on the grounds of qualified immunity.

### A. The defendants are entitled to absolute judicial immunity.

Plaintiff's entire action challenges the acts of the OMB in the performance of their core duty to protect the public from improper activities conducted by medical doctors by determining who is entitled to a license to practice medicine in Oregon. Because this function is adjudicatory, federal common law imbues defendants with absolute judicial immunity from the

Page 7 -    DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

claims brought under the First and Fourteenth Amendments. "Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacity." *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) (a board of medicine absolutely immune); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "[T]his immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Olsen*, 363 F.3d at 922, quoting *Bradley v. Fisher*, 80 U.S. 335 (1871). Certain classes of state officials who are not judges or prosecutors in the regular courts are also entitled to absolute immunity. In deciding whether to extend absolute immunity to officials who are not traditionally considered judges, a court considers what function the official performs and examines whether that function is similar to a function that would have received absolute immunity when Section 1983 was enacted by Congress. *Mishler v. Clift*, 191 F.3d 998, 1002 (9th Cir. 1999). Under this functional approach, an official who "functions as the equivalent of judge or prosecutor will likely be entitled to absolute immunity for any acts committed in that role." *Yoonessi v. Albany Med. Center*, 352 F. Supp. 2d 1096 (C.D. Cal. 2005) (citing *Olsen*, 363 F.3d at 923).

The Supreme Court has held that executive branch officials, when contributing to a federal administrative agency's adjudicative process, are entitled to absolute immunity because they perform functions comparable to those of judges and prosecutors. *Mishler*, 191 F.3d at 1003 (citing *Butz v. Economou*, 438 U.S. 478, 512-13 (1978)). This Court has repeatedly found the OMB, when reviewing a doctor's license, to be "absolutely immune with regard to acts performed in their statutory capacity as quasi-judicial prosecutors or judges," including in *LaTulippe v. Harder,* 574 F. Supp. 3d 870 (D. Or. 2021); *Thomas v. Harder*, 2021 WL 18935056 (D. Or. Oct. 11, 2022), *aff'd* (except for granting leave to amend), 2023 WL 1815197 (D. Or. Feb. 8, 2023); *Gambee v. Williams*, 971 F. Supp. 474, 477 (D. Or. 1997) ("*Gambee I*").

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Plaintiff in *Gambee I* challenged his suspension by bringing suit alleging a 42 U.S.C. § 1983 claim, a claim or conspiracy to violate Section 1983, and a claim that the members of the OMB (then called the Board of Medical Examiners) had violated plaintiff's rights under the Racketeering Influenced and Corrupt Organizations Act. The Board members asserted immunity. The Court wrote that agency judges and prosecutors are entitled to absolute, quasi-judicial immunity with regard to acts performed in a court-like setting. *Id.; see also Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 709, 715 (9th Cir. 1995) (members of state bar disciplinary board absolutely immune from section 1983 liability).

After *Gambee I*, immunity from suit was re-affirmed over a decade ago in *Gambee v. Cornelius ("Gambee II")*, 2011 WL 1311782 (D. Or. April 1, 2011). *Gambee II* followed the analysis in *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916 (9th Cir. 2004), and in *Butz v. Economou*, 438 U.S. 478, 512-13 (1978). Olsen brought Section 1983 and state law claims against individual members, counsel, and staff of the Idaho State Medical Board ("ISMB") and Board of Professional Discipline ("BOPD"), the disciplinary arm of the ISMB. *Id.* at 918-19. Olsen alleged that the defendants prevented her from reinstating her physician's assistant license by engaging in protracted administrative process with discriminatory motives. *Id.* at 919. She asserted that the defendants' decisions and actions in revoking and denying her license violated her due process and equal protection rights. *Id.* Specifically, she claimed that a letter informing her of the ISMB's intent to deny her license, the ISMB's decision not to hold a hearing, and the ISMB's administrative order denying her application were specific acts or decisions that violated her rights. *Id.* at 927-28. The court held that ISMB and BOPD, their members, and their professional staff and legal counsel were all entitled to absolute immunity because their acts and decisions were all "procedural steps involved in the eventual decision denying Olsen her license reinstatement." *Id.* at 928. "Such acts are inextricably intertwined with [defendants'] statutorily assigned adjudicative functions and are entitled to the protections of absolute immunity." *Id.*

Page 9 -   DEFENDANTS' MOTION TO DISMISS COMPLAINT

*Olson* utilized the factors set forth by the Supreme Court in *Butz v. Economou*, 438 U.S. 478, 512-13 (1978), to determine whether defendant's activities were to be accorded absolute immunity.[2] *Butz*, 438 U.S. at 512.

Other circuits also have applied the absolute immunity doctrine in the context of a physician's Section 1983 challenge to his license revocation. *See Wang v. New Hampshire Bd. of Registration in Medicine*, 55 F.3ᵈ 689, 701, 702 (1ˢᵗ Cir 1995) and *Horwitz v. Bd. of Medical Examiners*¸822 F.2ᵈ 1508, 1515 (10ᵗʰ Cir. 1987), cert. denied, 484 U.S. 964, 108 S. Ct. 453 (1987); *Bergin v. McCall*, 2007 WL 2344924 at *4 (D. Or. 2007). As with those cases, the language of *LaTulippe, Thomas, Gambee I* and *Gambee II* is clear.

As Judge Simon noted in *Thomas*, 2023 WL 1815197, *4, Oregon by statute has imbued OMB investigators and staff with absolute immunity as well, ORS 677.335(1), and this Court has therefore included individuals in the position of Ms. Krishnaswami, Mr. Seidel, and Mr. Frazier under absolute immunity as well. *Id.*; *Dover v. Haley*, 2013 WL 6190165, *3 (D. Or. Nov. 26, 2013), *aff'd* 616 Fed. App'x. 295 (9ᵗʰ Cir. 2015); *Read v. Haley*, 2013 WL 1562938, *7 (D. Or. Apr. 10, 2013); *but see LaTulippe v Oregon Medical Board et al.*, 2025 WL 1692418 (D. Or. (June 16, 2025). Regardless, their work as described in this Complaint was the beginning of an adjudicatory process and, therefore, the individual defendants should be afforded absolute immunity and are entitled to judgment as a matter of law.

**B. The individual defendants are entitled to qualified immunity.**

Plaintiff has sued the individual defendants for damages in their personal capacities on the grounds that they have violated his constitutional, statutory and common law rights. Personal capacity suits seek to impose personal liability on government officials for the actions they take under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Scheuer v. Rhodes*, 416 U.S. 232, 237-38 (1974). To establish personal liability in a Section 1983 action, it is

---

[2] Judge Hernandez has found that OMB satisfies the *Butz* factors. *LaTulippe, supra,* 574 F. Supp. 3ᵈ at 881-882, and therefore that analysis will not be repeated here.

Page 10 - DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

necessary to show that the official, acting under color of state law, caused the deprivation of a federal right. *Monroe v. Pape*, 365 U.S. 167 (1961). Even if plaintiff can make such a demonstration, individual State defendants may be found qualifiedly immune by this Court if they have objectively reasonably relied on existing law. *Imbler v. Pachtman*, 424 U.S. 409 (1976) (absolute immunity); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) (qualified immunity).

Qualified immunity shields government officials from liability for damages when they make decisions that, even if constitutionally deficient, reasonably misapprehend the law governing the circumstances confronted. *Brosseau v. Haugen*, 543 U.S. 194, 202 (2004); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Officials are denied qualified immunity only when "[t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Qualified immunity is immunity from suit, not merely a defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Like absolute immunity, qualified immunity is effectively lost if a case is erroneously permitted to go to trial. *Id.* Consequently, the Court has repeatedly stressed resolving immunity questions at the earliest possible stage in litigation. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (*per curiam*); *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The first question that must be answered in deciding if qualified immunity should be permitted: did the official violate the plaintiff's constitutional rights? *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the answer to this question is no, then the official is entitled to qualified immunity. *Id.*

If the answer to the first questions is yes, then the court must answer an additional question before granting qualified immunity: was the law governing that right clearly established? *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. If the answer to the second question is no, then the official is entitled to qualified immunity. *Id.*

Page 11 -  DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

Defendants are entitled to qualified immunity because there was no constitutional or statutory violation, and there was no clearly established law alerting reasonable officials that their actions violated Plaintiff's rights. For a constitutional right to be "clearly established" its "contours [must be] sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014) . Although a case "directly on point" is not required for a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) . The Supreme Court has cautioned us against defining clearly established law "at a high level of generality." *White*, 137 S. Ct. at 552.

Just recently, the Supreme Court in two cases clarified that a matter has to have been decided with a fairly high level of specificity in order to preclude an application of qualified immunity. *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 142 S. Ct. 4 (2021); *City of Tahlequah v. Bond*, 2021 WL 4822664, 595 U.S. 9, 142 S. Ct. 9 (2021). In *Rivas-Villegas*, the Supreme Court overturned a denial of qualified immunity for an excessive force case. The Court stated that a right is only clearly established when it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." 2021 WL 4822662, *8. Immunity existed because "Neither [plaintiff] nor the Court of Appeals identified any Supreme Court case that addresses facts like the ones at issue here." *Id.* at *9. The Supreme Court in the companion case, *City of Tahlequah*, noted that "We have repeatedly told courts not to define clearly established law at too high a level of generality." 2021 WL 4822664, *11.

The Complaint is essentially devoid of any specifics that would be necessary to hold any of the individual defendants. Other than the paragraphs setting forth who each of the three is, Complaint ¶¶ 3-5, and an allegation that Ms. Krishnaswami issued an order that plaintiff undergo evaluation, Complaint ¶ 67, and sent a letter deactivating his license, Complaint ¶ 88, there is nothing but general and conclusory boilerplate legal allegations, not facts. There is not a single other reference to Ms. Krishnaswami, Mr. Seidel or Mr. Frazier, leading defendants to conclude

Page 12 -  DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

that plaintiff is simply shooting blindly at targets. In such circumstances, such allegations are legally insufficient.

Because there are no sufficient allegations on which to determine that any individual defendant committed a knowing violation of the Constitution, qualified immunity should issue.[3]

## III.    The individual defendants should not be sued in their "official" capacity. (First through Fourth Claims for Relief)

Plaintiff has brought his claims alleging violations of procedural due process, his privileges and immunities, and his right to equal protection pursuant to Section 1983. (First through Third Claims) against the individual defendants. He has not specified whether they are being sued in their official or individual capacities. Complaint *passim*. Where the matter is unclear, it is assumed that the person is sued in their individual capacity. *See Shoshone-Bannock Tribes v. Fish & Game Com'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1994), and claims brought against state officials in their official capacity are barred under the Eleventh Amendment. *California v. Deep Sea Research*, 523 U.S. 491, 501 (1998); *Smith v. Reeves*, 178 U.S. 436 (1900).

Accordingly, to the extent the First, Second, and Third Claims for Relief claims raised by plaintiff seek to invoke constitutional claims against the individual defendants in their official capacities, they cannot be maintained.

## IV.    The First Claim for Relief fails to provide a basis for a due process violation.

It is unclear precisely what plaintiff suggests constitutes acts of the alleged deprivation of due process. Is it the mere investigative inquiry OMB commenced after receiving complaints about plaintiff's performance at the Salem Hospital? Complaint ¶¶ 38, 39, Exh. J. Is plaintiff asserting that requiring him to be interviewed in person in Portland rather than on Zoom is, on its own, a procedural due process violation? Complaint ¶¶ 49, 50. Is it merely the directive that,

---

[3] Plaintiff should not be allowed a second bite of the apple. Plaintiff is a licensed attorney, Washington State bar number 59956. Complaint at 23. He should not be treated as an uneducated *pro se*.

Page 13 - DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

having been complained about by persons outside OMB, OMB has a duty to investigate and told him to be evaluated?  Complaint ¶ 74.

Although it is unclear what plaintiff claims is his deprivation, it is clear what he has *not* claimed: he has not claimed a permanent loss of licensure.  In fact, plaintiff's Exhibit J makes clear that the steps he complains of are merely preliminary and, *only* if subsequent to them OMB believes there is a violation will there follow a "Notice of Proposed Disciplinary Action."  Complaint Exh. J at 4.  Accordingly, whatever his target is, it is something less than that.  And because it is less than that, this claim fails.

Procedural due process requires notice and an opportunity to be heard.  *See California ex rel. Lockyer v. FERC*, 329 F.3d 700, 708 n.6 (9th Cir. 2003).  But "[p]recisely what procedures the Due Process Clause requires in any given case is a function of context."  *Brewster v. Board of Educ. Of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 983 (9th Cir. 1998).  "[D]ue process is flexible and calls for such procedural protections as the particular situation demands."  *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S. Ct. 2593, 2600 (1972).  The U.S. Supreme Court "has recognized, on many occasions, that where a State must act quickly, or where it would be impractical to provide pre-deprivation process, post-deprivation process satisfies the requirements of the Due Process Clause."  *Gilbert v. Homar*, 520 U.S. 924, 930–31, 117 S. Ct. 1807, 1812 (1997) (listing cases); *see also Barry v. Barchi*, 443 U.S. 55 (1979).  "An important government interest, accompanied by a substantial assurance that the deprivation is not baseless or unwarranted, may in limited cases demanding prompt action justify postponing the opportunity to be heard until after the initial deprivation."  *Fed. Deposit Ins. Corp. v. Mallen*, 486 U.S. 230, 240, 108 S. Ct. 1780, 1787–88 (1988).

The line of cases interpreting the right to a pre-deprivation hearing culminates in the U.S. Supreme Court's decision in *Gilbert v. Homar*, 520 U.S. 924 (1997), which is the controlling case. In *Gilbert*, the Supreme Court determined that a professional license suspension such as the one before this Court do not require a pre-deprivation hearing. The *Gilbert* Court noted that

Page 14 -  DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

whether such a pre-deprivation hearing is required turns on the "length and finality of the deprivation." *Id*. at 932.  Determining whether a pre-deprivation hearing is required, in turn, is based on a three-step analysis: "[O]ur prior decisions indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors: first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Matthews v. Eldridge*, 424 U.S. 319, 334-35, 96. S. Ct. 893 (1976). Applying these standards, plaintiff received all the process plaintiff was due.

First, the private interest here would appear to be limited to loss of income,[4] which brings us to *Tanasse v. City of St. George*, 172 F.3d 63 (10th Cir. 1999).  In *Tanasse*, the issue was a license revocation. The Tenth Circuit found for the City of St. George that a pre-deprivation hearing would not be required.  The court noted that although the finances of a party were a concern, they did not rise to a level of critical private interest.  *Id*. at *3.  The court noted that such an interest was less compelling than the subsistence benefits at issue in *Loudermill*, where the Supreme Court found a post-deprivation hearing to be constitutionally sufficient.  *Loudermill v Cleveland Board of Education*, 470 U.S. 532 (1985).

Second, plaintiff has not alleged how a pre-deprivation hearing would have been more effective at preventing the alleged erroneous deprivation and defendants can think of no way in which haste would improve the administrative/judicial process.

At this point, defendants would note again that *there has been no discipline as yet*, and it should be noted that, by statute, disciplinary proceedings are contested case hearings under ORS Chapter 183.  ORS 677.200.

---

[4] Plaintiff has not alleged any current loss of income.  Indeed, by not seeking sufficient work in Oregon and thereby letting his *locum tenens* license go inactive months earlier, there could be no loss of income whatsoever from OMB's *subsequent* actions.

Page 15 - DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

When licensure is at issue, the procedure is subject to all sorts of protections for the affected party.  ORS 677.200, 677.205.  OMB is subject to the Oregon Administrative Procedures Act ("APA") as an agency of the State. ORS 183.310 et seq.  A proceeding in which an Oregon agency intends to suspend, revoke, or refuse to renew or issue a license where the licensee demands a hearing is a "contested case."  ORS 183.310(2)(a)(C).  Parties to a contested case have many procedural rights.  *See* ORS 183.411 to ORS 183.500. Such rights are those normally present in such administrative litigation. A few examples are:

- Right to notice of a statement of the matters asserted or charged by the agency, ORS 183.413(2);

- Right to hearing ORS 183.411-183.471;

- Right to notice of the procedures that will be used at the hearing, including the authority and jurisdiction for the hearing and the issues to be considered, ORS 183.413;

- Right to be represented by counsel, ORS 183.417;

- Right to respond to all issues properly before the hearing officer, ORS 183.413(2)(e);

- Right to present evidence and witness, ORS 183.413(2)(e); and

- Right to cross-examine witnesses and present rebuttal evidence.  ORS 183.450(3).

- A record shall be made of the hearing.  ORS 183.417(8), (9).

Moreover, contested case hearings must be conducted before an administrative law judge ("ALJ") from the Office of Administrative Hearings.[5]  ORS 183.630(1); ORS 183.635(2).  After presiding over the hearing, the ALJ prepares a proposed order.  ORS 183.460.  The proposed order must be served on all parties, must include recommended findings of fact and conclusions of law, and may be disputed by an adversely affected party.  ORS 183.460; 183.464.  Any party

---

[5] Plaintiff has suggested, without any support, that ALJs will be biased because they are part of the administrative branch of government and the executive branch makes money when a plaintiff loses.  Complaint ¶¶ 52(a), 66, 118, 120, 123.  An ALJ is not an employee of OMB but of the Office of Administrative Hearings.  This contention makes no more sense than saying the adjudicator must be from outside government because government makes money when the plaintiff loses.  The ALJ has no personal financial stake in the outcome.

Page 16 - DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

may appeal the final order to the Oregon Court of Appeals.  See ORS 183.480(1); ORS 183.482(1).  The Court of Appeals may reverse or remand an order for legal and procedural mistakes, improper exercise of agency discretion, or lack of substantial evidence supporting the order.  ORS 183.482(8).  An agency's proposed action with respect to a license is usually not effective until it issues the final order.[6]

But ORS 183.430(2) provides that an agency may suspend a license before holding a hearing in an emergency where "the agency finds a serious danger to the public health or safety and sets forth specific reasons for such findings."  The agency is required to serve a notice of the suspension either personally or by registered or certified mail. Or. Admin. R. 137-003-0560(2)(a).  On request by a licensee the agency must hold a hearing and issue a decision "as soon as practicable," and in all events within explicit time limits.  See Or. Admin. R. 137-003-0560(3) (referral to the Office of Administrative Hearings within 7 days of request for hearing, hearing held within the following 30 days, proposed order issued within 15 days after the hearing, and final order issued within 15 days after the proposed order).  In addition, pursuant to ORS 677.205(3), the Oregon Medical Board "may temporarily suspend a license without a hearing, simultaneously with the commencement of proceedings under ORS 677.200 if the board finds that evidence in its possession indicates that a continuation in practice of the licensee constitutes an immediate danger to the public."

Accordingly, full due process has been maintained by the procedures of the OMB and the laws under which APA cases are conducted.  Courts have consistently held that preliminary investigatory orders—such as requiring a licensee to undergo an evaluation—do not trigger procedural due process protections where no immediate sanction is imposed and the licensee retains the opportunity to contest the outcome later. *Fettgather v. Bd. of Psychology*, 17 Cal. App. 5th 1340, 1349 (2017); *Lencovich v. Bureau of Professional and Occupational Affairs*, 829

---

[6] Here it should be noted that no action was taken relating to plaintiff's license during the investigation, nor has he claimed it was.  Rather, his license was *already* on "inactive status" because he had not taken a sufficient number of jobs in the State or Oregon. Complaint ¶ 23.

Page 17 -  DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

A.2$^d$ 1238, 1240 (Pa. Cmmw. 2003); *Humenansky v. Minnesota Bd. of Medical Examiners*, 525 N.W.2$^d$ 559, 567 (Minn. Ct. App. 1994); *Alexander D. v. State Bd. of Dental Examiners*, 231 Cal. App. 3$^d$ 92, 99 (1991). As the Court in *Lencovich* noted, "it is logical to conclude that due process does not require an immediate appellate review every time a licensing board orders a licensee to submit to a medical examination. Such micromanagement of agency affairs by this Court is not warranted because the licensing boards have an expertise in matters involving the conduct." *Id*. At 1240.

To the extent plaintiff complains of license deprivation, none has as yet occurred. To the extent he complains only of having to pay for a pre-licensure hearing examination and the cost thereof, there is simply not a right to pre-deprivations process. *See, e.g., Barry v. Barchi*, 443 U.S. 55 (1979). Because if a licensee prevails in their administrative process any evaluation fee must be reimbursed, there is no risk of erroneous deprivation and therefore no requirement of due process before being required to pay for the evaluation. *E.g., Cassim v. Bowen*, 824 F.2$^d$ 791 (9th Cir. 1987). Plaintiff's procedural due process rights were not violated.

## V.    There has been no violation of the Privileges and Immunities Clause (Second Claim for Relief).

### A. The statute of limitations bars maintenance of this claim.

This claim is brought pursuant to 42 U.S.C. §1983. The two-year statute of limitations under ORS 12.110(1) applies to Section 1983 claims. *Sain v. City of Bend*, 309 F.3$^d$ 1134, 1139 (9th Cir. 2002). When Congress has not provided a time limitation for a federal cause of action, the court applies the local statute of limitations, *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 266 (1985). In *Wilson*, the United States Supreme Court held that each state must apply "the *one* most appropriate statute of limitations for *all* [of its] § 1983 claims." *Id*. at 275 (*emphasis added*). Courts within the Ninth Circuit apply the two-year statute of limitations of ORS 12.110(1) to Section 1983 actions within Oregon. *See*, *Sain*, 309 F.3$^d$ at 1139.

Page 18 -  DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim. *Wallace v. Kato*, 549 U.S. at 388. A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Morales v. City of Los Angeles,* 214 F.3ᵈ 1151, 1154 (9ᵗʰ Cir. 2000)*; Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9ᵗʰ Cir. 1991); *see also*, *Debnza Properties X, Ltd. v. County of Santa Cruz*, 936 F.2ᵈ 1084, 1086 (9ᵗʰ Cir. 1991); *Vaughan v. Grijalva*, 927 F.2ᵈ 486, 480 (9ᵗʰ Cir. 1991).

Here, plaintiff alleges that he was treated differently because of his status as a *locum tenens* physician.  That that allegation is unfounded is discussed in Section V(B) below.  That said, his application for that status was made in *July* 2018, a full seven years ago.  Complaint ¶ 8. The statute of limitations begins to run when the plaintiff knows or should have known of the alleged injury—or even if they have a mere suspicion—as the law requires timely awareness of a substantial possibility of harm, causation, and wrongdoing—not actual certainty of knowledge. *Id.* at 1218; *CKH Fam. Ltd. P'ship v. Holt Homes, Inc.*, 306 F. Supp. 3ᵈ 1282, 1287 (D. Or. 2018).  Plaintiff clearly knew in 2018.  Accordingly, this matter is untimely filed.

### B. Plaintiff was not treated differently because of his residence.

OAR 847-008-015 defines what is required for active registration as a doctor practicing in the State of Oregon.  It says:

> (1) Each licensee of the Board who practices within the State of Oregon shall register and pay a biennial active registration fee prior to the last day of the registration period, except where the licensee is a physician in a qualified training program and elects to register on an annual basis.

> (2) Each licensee of the Board whose practice address of record with the Board is within 100 miles of the border of the State of Oregon and who intends to practice within Oregon shall qualify for active registration status. Such licensee shall submit a statement to the Board attesting to practice in Oregon.

The Court will immediately note that nowhere in this regulation is *residence* mentioned. To the contrary, fees are required for licensees who *practice* within the State of Oregon, and such licensees need not live in any particular place but only have a *practice address* within 100 miles of Oregon's borders.

Page 19 - DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

The simple fact is that Oregon places requirements not on residence but on office. As such, plaintiff simply misapprehends the nature of the regulation.

It is expected that plaintiff as he did in his preliminary injunction motion will rely on *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 105 S. Ct. 1272 (1985), in which a Vermont resident was denied admission to the New Hampshire Bar. *Piper,* however, is easily distinguished in that New Hampshire, unlike the OMB, drew a line based on residence and not practice and, further, had no provision for *any* practice otherwise, whereas OMB has the *locum tenens* mechanism allowing for significant medical activity regardless of where the doctor's practice is located. OAR 847-008-0020. Unlike *Piper*, the purpose of OMB's regulatory scheme is *not* to protect residents from competition, but "to protect the health, safety, and wellbeing of Oregon citizens by regulating the practice of medicine in a manner that promotes access to quality care." Oregon Medical Board : Oregon Medical Board : State of Oregon (mission statement). As the *Piper* Court said, even if there is a protected privilege, the "Clause does not preclude discrimination against nonresidents where (i) there is a substantial reason for the difference in treatment, and(ii) the discrimination practiced against nonresidents bears a substantial relationship to the State's objective." *Id*. at 285. Not that OMB concedes that there has been discrimination against nonresidents given that is not the distinction drawn by the regulations, but, regardless, OMB's goal in promoting access to quality care is a legitimate state interest. OMB allows access to Oregon's market for Oregon-based practitioners and non-Oregon based practitioners alike.

The instant situation is unlike *Piper* and like that in *Tolchin v. Supreme Court of the State of New Jersey*, 111 F.3d 1099 (3d Cir. 1997), in which the requirement of having an *office* in the State of New Jersey in order to be admitted to the practice of law was upheld because the "State statute or regulation impose[d] identical requirements on residents and nonresidents alike and it has no discriminatory effect on nonresidents." *Id*. at 1111. Nothing in the regulations of the OMB require plaintiff to reside in Oregon. He could have an office in his city of residence

Page 20 -  DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

─Seattle─ *and* in Portland.  Or just in Portland and still live in Seattle.  And in either of those circumstances he would have the right to full admission to active practice.  Accordingly, residence is not the key distinction, and the Privileges and Immunities clause does not apply.  Just recently, New Jersey's limitations on medical practice ─not residency─ were also upheld.  *MacDonald v. Sabando*, 2025 WL 1367443 (D.N.J. May 25, 2025); *see also Schoenfeld v. Schneiderman*, 812 F.3$^d$ 273 (2$^d$ Cir. 2016).

There is no violation of the Privileges and Immunities Clause.

## VI.    Plaintiff fails to state a claim for equal protection (Third Claim for Relief).

Plaintiff's claim that his right to equal protection has been violated is curious.  It does not appear to rest on a claim that plaintiff belongs to a *class* of people who are treated unequally from others not in that class.  He does not assert that the alleged violations of defendants are because he is, for example, male, or White, or of a certain national origin.   Accordingly, there clearly is no equal protection violation, let alone an application of strict scrutiny.  *Adarand Constructors v. Pena*, 515 U.S. 200 (1995); *Brown v. Board of Education*, 347 U.S. 483 (1954).

Rather, plaintiff appears to make two claims.  First, he alleges that OMB misapplied an Oregon Administrative Regulation ("OAR") by not requiring that his failure to comply had an intentional mental state.  Complaint ¶¶ 103-116.  Second, he claims that a hearing before an administrative law judge ("ALJ") violates equal protection because such ALJs are not unbiased.  Complaint ¶¶ 118-123.

Neither of these implicates an equal protection violation.

As to the issue regarding the OAR, plaintiff objects to his having had to pay a $195 fine for an omission on his licensure application.  He asserts that OAR 847-008-0058, requires fraud or misrepresentation and each of those requires intent to deceive which he asserts he did not have.

First, this occurred in 2018 and has long since been time barred.  Complaint ¶ 11.

Page 21 -  DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Second, Plaintiff conveniently does not cite the *entire* set of qualifiers in OAR 847-008-0058(1), which states "*Omissions* or false, misleading or deceptive statements or information on any Board application, affidavit or registration is a violation of ORS 677.190(8) and is grounds for a $195 fine for the first violation". There is nothing in the simple wording of "omission" that requires intent. This is a strict liability situation.

Third, there is no allegation that plaintiff was treated differently from any other group or person, or that application of the OAR has been done unequally.

Quite simply, there is no equal protection claim on these grounds.

The second set of allegations included in plaintiff's equal protection claim is that because ALJs are employed by the executive branch, not the judicial branch, and the executive branch makes money when the plaintiff loses, they are not impartial and this amounts to an equal protection violation. Complaint ¶¶ 118, 120, 123.

This contention is equally, if not more, flawed.

First, again, it related to the $195 fine and is time barred.

Second, it is hypothetical. Plaintiff did *not* go before an ALJ. He made a decision to pay the fine without any adjudicative process. Complaint ¶ 14.

Third, there is no basis for plaintiff to assert that the ALJ him or herself has a financial incentive to find a fine for the executive branch. He does not and cannot allege the ALJs work on a commission system. A hypothetical allegation of bias is insufficient. "In attempting to make out a claim of unconstitutional bias, a plaintiff must 'overcome a presumption of honesty and integrity' on the part of decisionmakers." *Stivers v. Pierce*, 71 F.3d 732, 741 (9th Cir. 1995) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). In order to overcome the presumption of a decisionmaker's honesty and integrity, a plaintiff must show that the decisionmaker prejudged or reasonably appears to have prejudged an issue. *Id*. It is, defendants suggest, legally insufficient to allege that ALJs would act improperly because of $195 —which would not go in their pocket— without support for the belief that *this* decision has been prejudged. *E.g., Columbia*

Page 22 - DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

*Riverkeepers v. Clatsop County*, 267 Or. App. 568 (2014). In addition, not that OMB agrees with plaintiff's hypothesis, but even assuming bias, such bias in a pre-termination (or, in this case, a pre-license revocation) setting does not implicate a due process violation. *Walker v. City of Berkeley*, 951 F. 2$^d$ 182, 184 (9th Cir. 1991).

Fourth, again, there is no allegation that plaintiff was treated differently from any other group or person, or that any adjudication would have been different based on a recognized classification of plaintiff. It appears that plaintiff may be trying to state a "class of one" claim, as he asserted in his Reply to his motion for preliminary injunction (ECF No. 16 at 6), but that does not stand up.

At the outset, a plaintiff asserting a "class of one" claim must show (1) that defendant acted with intention, (2) that defendant treated plaintiff differently from all others similarly situation, and (3) did so without a rational basis." *Gerhart v. Lake County*, 637 F.3$^d$ 1013, 1022 (9th Cir. 2011); *Graham v. Brown*, 570 F. Supp. 3$^d$ 968, 980 (D. Or. 2021). Here, plaintiff has not identified who else was "similarly situated" let alone how they were treated differently. Based on his Reply in his motion for an injunction, it appears he considers the comparator group to be *attorneys*. ECF No. 16 at 6-8. But attorneys are not licensed the same way, not overseen by the same entity —the Oregon State Bar is not even a state agency— and any differences in how attorneys are treated are not unique to plaintiff but are distinguished from how the medical profession is regulated generally. Plaintiff does not share characteristics with attorneys.[7]

Regardless, this is simply not the kind of situation to which "class of one" is applied. As the Supreme Court has noted in the seminal case of *Engquist v. Dept. of Agriculture*, 553 U.S. 591, 128 S. Ct. 2146 (2008), there are some forms of state action which by their nature involve discretionary decision making based on a vast array of subjective individualized assessments. In such cases, the rule that people should be treated alike under like circumstances and conditions is

---

[7] Defendants recognize plaintiff *is* an attorney, but that is not relevant for this issue, as it relates only to his status as a doctor.

Page 23 - DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

not violated because treating people differently is an accepted consequence of the discretion granted. *Papas v. Leonard*, 2012 WL 1445853, \*\*15 (D. Or. Apr. 5, 2012), *quoting Engquist; see also Novotny v. Tripp County*, 664 F. 3ᵈ 1173 (8ᵗʰ Cir. 2011). In other words, regulatory oversight of persons in regulated professions is akin to employment decisions such as the one in *Engquist*. "Class of one" is simply an inappropriate analysis otherwise every complaint of every doctor, nurse, hairdresser, lawyer or any other regulated profession would be subject to an equal protection claim.

Fifth, as noted above, OMB is not subject to this claim. *Will v. Michigan State Dept. of Police*, 491 U.S. 58, 109 S. Ct. 2304 (1989). Nor is there any allegation that the individual defendants had anything to do with this.

The Equal Protection Claim should not proceed.

## VII. The Fourth Claim for Relief is merely duplicative of prior claims.

The Fourth Claim for Relief again alleges a violation of due process, though without any specificity. It appears to assert that OMB "retaliated" against plaintiff for engaging in protected activity, which is simply not a !4ᵗʰ Amendment due process claim. It appears that plaintiff is saying that the OMB directive he be evaluated was retaliation, but for what? He says he engaged in protected activity," Complaint ¶ 188, but nowhere says what that protected activity was.

Beyond that, plaintiff already has set forth due process claims elsewhere in his Complaint and defendants have responded to them. This unformed allegation fails to state a claim, and for the reasons set forth in Section IV, above, are not sustainable.

## VIII. Plaintiff fails to state claims for infliction of emotional distress (Fifth and Sixth Claims for Relief).

Plaintiff bring claims for both intentional and negligent infliction of emotional distress in his Fifth and Sixth Claims for Relief. Neither is set forth sufficiently to survive a motion to dismiss.

Page 24 - DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

### A.  Plaintiff does not meet the elements for intentional infliction.

Plaintiff's claim for intentional infliction of emotional distress fails as a matter of law.

In order to prove intentional infliction of emotional distress, plaintiff must show "'(1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts were the cause of the plaintiff's severe emotional distress and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct.'" *Davoodian v. Rivera,* 327 Or. App. 197, 213 (2023) (citation omitted).  He cannot do so here.

First, plaintiff has no allegation that any defendant intended to inflict severe —or any— emotional distress on him.  Intention, in this context, means, "where the actor desires to inflict severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct." *McGanty v. Staudenraus,* 321 Or. 532, 550 (1995).  Plaintiff has, in broad terms, suggested the defendants intended to violate his constitutional rights.  But that is not the same as intending to inflict distress.  Even were they the same, plaintiff's Complaint is devoid of specifics as to what *if anything* Seidel or Frazier did, and alleges no more than that Ms. Krishnaswami issued an order that plaintiff undergo evaluation, Complaint ¶ 67, and sent a letter deactivating his license, Complaint ¶ 88.  These are hardly "extraordinary transgressions of the bounds of socially tolerable conduct."  Indeed, they are at most the actions the Executive Director of a regulatory body would be expected to do and does do on a regular and ordinary basis.  The offensiveness of the conduct is judged accordingly to social standards. *Davoodian, supra,* 327 Or. App. at 213-14.  There is no social standard that conceivably could find that a regulator cannot perform the basic functions of regulating.

Therefore, absent intention and extraordinarily intolerable conduct, plaintiff's claim falls.

### B.  Plaintiff does not meet the elements for negligent infliction.

Nor can plaintiff maintain his claim for negligent infliction of emotional distress.  In order to establish such a claim, plaintiff must show 1) emotional distress; 2) negligent conduct by

Page 25 -  DEFENDANTS' MOTION TO DISMISS COMPLAINT

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

the defendant; 3) physical impact or violation of an important, legally protected interest other than the negligent conduct at issue.  *I.K. v. Banana Republic,* 317 Or. App. 249, 254 (2022).

Here, plaintiff cannot show the second or third elements.

There is no proper allegation of negligence by defendant.  Negligence requires "injuries that are the foreseeable result of unreasonable conduct by another."  *R.S.R. v. Goetz v. State,* 319 Or. App. 149, 160 (2022).  Nor is there a "legally protected interest" (plaintiff has not alleged physical impact).  Although plaintiff makes a conclusory statement that defendants violated his constitutional rights, once this Court hopefully determines such is not the case, there is no further credible allegation.  Regardless, how sending letters and e-mails could be "unreasonable conduct" in the manner called for by a claim for negligent infliction is difficult to discern.  All OMB and its staff have done is perform their regulatory duties, and the exhibits to the Complaint demonstrate that.  To equate regulation with "conspir[ing] against Plaintiff with the purpose of excluding him from practicing his chosen career" is not credible, particularly given that the investigation has not yet reached any conclusion and is ongoing.  Krishnaswami Dec. ¶ 2.

Therefore, plaintiff can show neither negligence nor an important, legally protected interest.  As such, his claim fails.

### C.  OMB cannot be held for a state law claim in federal court.

It is basic constitutional law that a federal court lacks jurisdiction to hear a state law claim against a sovereign state.  *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (*Pennhurst II*); *Mitchell v. Franchise Tax Board*, 209 F.3$^d$ 1111 (9th Cir. 2000).  The nature of the prohibition is one of subject matter jurisdiction and cannot be waived by the parties.  *Smith v. Avino*, 91 F.3$^d$ 2105 (11th Cir. 1996); *Hughes v. Alabama Dept. of Public Safety*, 994 F. Supp. 1395 (M.D. Ala. 1998).

Accordingly, to the extent the claims raised by plaintiff seek to invoke Oregon common law rights, they are not properly brought in this forum.  The claims for emotional distress cannot be maintained in this forum.

Page 26 -  DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

D.  **The individuals should not be held once the federal claims are dismissed.**

In the event the Court concurs in defendants' analysis as to the first four claims, pendant jurisdiction as to the individual defendants will no longer exist and the Court should decline to retain the individuals in this forum for purely state law claims.

IX.    **Declaration and injunction requests are not their own claims for relief ("Sixth" and Seventh Claims for Relief).**

Plaintiff's "Sixth" Claim for Relief is for a declaratory judgment.  His Seventh Claim for Relief is for injunctive relief.  Such "Claims" are not actually claims at all.  They are remedies and not independent causes of action. *See Harney v. Assoc. Materials, LLC*, 2018 WL 468303, at *8 (D. Or. Jan. 18, 2018) ("The Court agrees, however, that Plaintiffs' requests for declaratory and injunctive relief are remedies for the Court to determine, and not independent claims. They should be pleaded as such in any future amended pleading."); *see also Yaak Valley Forest Council v. Vilsack*, 2021 WL 4438420, at *8 (D. Mont. Sept. 28, 2021) ("The Forest Service is correct that, insofar as *Yaak Valley* presents its request for an injunction as a 'claim' for relief, it is mistaken."); *Cox Commc'ns PCS v. City of San Marcos*, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002) ("Injunctive [or declaratory] relief, like damages, is a remedy requested by the parties, not a separate cause of action.").

Accordingly, these two claims for relief should be dismissed and, should any of the first six claims survive, they should be contained only within the Prayer for Relief.

Page 27 -  DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

## CONCLUSION

For the foregoing reasons, each of the Claims for Relief is deficient in one or more ways, subject to immunity, subject to the applicable statute of limitations, not properly brough in this forum, and/or simply failing to state a claim.  Each should be dismissed, and this matter should be dismissed with prejudice.

DATED August 26, 2025.

Respectfully submitted,

DAN RAYFIELD
Attorney General


*s/ Marc Abrams*
MARC ABRAMS #890149
Assistant Attorney-in-Charge
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
Marc.Abrams@doj.oregon.gov
Of Attorneys for Defendants

Page 28 -  DEFENDANTS' MOTION TO DISMISS COMPLAINT
MA/sv3/998226444

## CERTIFICATE OF SERVICE

I certify that on August  27 , 2025, I served the foregoing DEFENDANTS' MOTION TO DISMISS COMPLAINT upon the parties hereto by the method indicated below, and addressed to the following:

Jeremy H. Conklin
1414 10th Avenue, Apt. 734E
Seattle, WA 98122
jhconklin@icloud.com
  *Pro Se Plaintiff*

   ___ HAND DELIVERY
    X  MAIL DELIVERY
   ___ OVERNIGHT MAIL
   ___ TELECOPY (FAX)
   ___ E-MAIL
    X  E-SERVE


    *s/ Marc Abrams*
MARC ABRAMS, #890149
marc.abrams@doj.oregon.gov
Assistant Attorney-in-Charge
Trial Attorney
*Attorneys for Defendants*

Page 1 -    CERTIFICATE OF SERVICE

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000