UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JEREMY CONKLIN, D.O., *an individual*, | Case No. 3:25-cv-01173-AR |
| Plaintiff, | **OPINION AND ORDER DENYING PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR INJUNCTION** |
| v. | |
| OREGON MEDICAL BOARD, *an Oregon State Agency*; NICOLE KRISHNASWAMI, *an individual*; MICHAEL SEIDEL, *an individual*; and WALTER FRASIER, *an individual*, | |
| Defendant. | |

**ARMISTEAD, United States Magistrate Judge**

Before the court is *pro se* plaintiff Jeremy Conklin's request for a Temporary Restraining Order (TRO) and motion for an injunction.[1] (ECF 31.) This is Conklin's second request to stay defendant Oregon Medical Board's disciplinary proceedings against him. Conklin moved for a preliminary injunction in July when he filed this case. (ECF 2.) After a hearing, Judge Immergut

---

[1] Conklin requests oral argument. The court, however, does not believe that oral argument would help resolve the pending motion. *See* LR 7-1(d)(1).

denied that motion, finding Conklin failed to satisfy the *Winter* factors and thus did not carry his burden of demonstrating his entitlement to relief. (Order Den. Mot. Prelim. Inj. (Immergut Order) at 7, ECF 22.) Now, Conklin asserts that "new facts have come to light" that require reconsideration of Judge Immergut's denial. (Req. TRO at 1.)

Conklin's motion does not focus on his claims against the Oregon Medical Board (OMB) or the individual defendants. Those claims, and the underlying facts, are laid out in detail in Judge Immergut's order. (*See generally*, Immergut Order.) Instead, Conklin asserts that Oregon's rules governing discovery in administrative proceedings violate his due process rights. The court agrees with OMB that Conklin once more falls short of showing he is entitled to injunctive relief. Conklin's request is therefore DENIED.

## LEGAL STANDARD

In deciding whether to grant a motion for a TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) that an injunction is in the public interest. *Id.* at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

**DISCUSSION**

Conklin is a physician and resident of Washington. (Compl. ¶ 1, ECF 1.) Nearly a decade ago, he applied for and received a locum tenens license in Oregon, which allowed him to take on limited contract positions. After Salem Hospital cancelled Conklin's locum tenens appointment, Conklin learned that OMB had received a complaint about his conduct at the hospital. (*Id.* ¶¶ 15-39.) OMB then opened an investigation. That investigation is still ongoing, with a contested administrative hearing set to begin on January 27, 2026. (Resp. at 2.)

Conklin asserts that Oregon's rules and procedures governing discovery in his administrative proceeding violate his due process rights. He alleges that those rules favor OMB, putting him at a disadvantage in the contested hearing. He provides no authority for his position, nor does he address the *Winter* factors. (*See generally*, Req. TRO.) The court finds that those factors weigh against granting Conklin's request.

To start, Conklin has not shown that he is likely to succeed on the merits of his due process claims. As OMB correctly points out, Conklin does not allege a single actual deprivation. (Resp. at 12.) For example, Conklin argues that OMB failed to provide him with a privilege log in accordance with Federal Rule of Civil Procedure 26, despite his instruction to do so in his discovery request. But "[p]recisely what procedures the Due Process Clause requires in any given case is a function of context." *Brewster v. Bd. of Educ. of Lynnwood Unified Sch. Dist.*, 149 F.3d 971, 983 (9th Cir. 1998). OMB describes the many procedural rights afforded to litigants in administrative proceedings. (Resp. at 9-10.) That Rule 26 does not apply in the licensure proceeding, or that FRCP 26 merely differs from the rules that do apply, does not amount to a due process violation.

Page 3 – OPINION AND ORDER
*Conklin v. Oregon Medical Board, et al.*, 3:25-cv-01173-AR

Likewise, contrary to what Conklin suggests, OMB does not have a duty to disclose "exculpatory" evidence if that evidence is privileged or confidential. (Req. TRO at 12.) This is not a criminal matter—Conklin does not have *Brady* rights. *See Brady v. Maryland*, 373 U.S. 83, (1963) (holding that the state's suppression of evidence favorable to a criminal defendant violates due process). Conklin asserts, with no support, that OMB is wielding Oregon law to withhold "exculpatory" evidence by classifying that material as privileged or confidential. (Req. TRO at 12.) But he does not identify any rule or case (federal, state, or otherwise) that entitles him to discover or compel evidence protected by Oregon law ahead of the contested hearing, even if that evidence is favorable to him.

Conklin also takes issue with the Oregon Administrative Rule requiring parties in contested cases to seek agency approval to take depositions. *See* OAR 137-003-0572. Yet Conklin does not allege that he made a deposition request or that it was denied by OMB. In sum, he fails to demonstrate any likelihood that he would succeed on the merits of his claims.

Conklin also fails to show irreparable harm. He asserts that the uneven playing field between himself and OMB could result in the loss of his medical license and restrict his ability to work. (Req. TRO at 14.) As OMB explains, Conklin believes that the "outcome of his licensure proceeding is a forgone conclusion . . . base[d] on hearsay from two attorneys who declined to take his case." (Resp. at 12.) But even if OMB did violate Conklin's due process rights, and that violation resulted in loss of Conklin's license, his loss of income is not "irreparable harm." *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) (citing *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958). OMB correctly notes that economic injuries, like those alleged by Conklin, can be easily remedied at law. *Los Angeles Mem'l Coliseum Comm'n v.*

*NFL*, 634 F.2d 1197, 1202 (9th Cir. 1980). Conklin is a physician (and attorney) licensed to practice in another state. The loss of his already limited privileges to practice in Oregon does not reach the level of irreparable harm.

Finally, Conklin has not shown that a TRO is in the public interest or that the balance of the equities tips in his favor. Where the government opposes the injunction, these factors are merged. *See Nken v. Holder*, 556 U.S. 418, 436 (2009). Conklin has failed to show any likelihood of a constitutional deprivation, and his interest in practicing medicine in Oregon is outweighed by the public's interest in OMB investigating and disciplining physicians in furtherance of protecting the health and safety of patients.

## CONCLUSION

At bottom, Conklin does not offer anything to change the calculus on his entitlement to preliminary injunctive relief. Conklin's request for a TRO and motion for an injunction is DENIED.

DATED: January 23, 2026

_____
JEFF ARMISTEAD
United States Magistrate Judge